CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 27 2021

KEVIN WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

Derek J. Burns 1000060918
(Enter above the full name and prisoner
identification number of the plaintiff, GDC
number if a state prisoner.)

1:21-CV-4473

Cobb County, Georgia VS Lisa Welk;
Lindsay Raynor; GlobalTEL*
Link Corporation, a Delaware Corp
Does 1-10, Sheriff Neil Warren
(Enter above the full name of the defendant(s).)

I.    Previous Lawsuits

      A.    Have you filed other lawsuits in federal court while incarcerated in any institution?

                        Yes ( )    No (✓)

      B.    If your answer to A is yes, describe each lawsuit in the space below. (If there is more
            than one lawsuit, describe the additional lawsuits on another piece of paper, using the
            same outline.)

            1.    Parties to this previous lawsuit:

                  Plaintiff(s):    _____
                                   _____

                  Defendant(s):    _____
                                   _____

            2.    Court (name the district):
                  _____
                  _____

            3.    Docket Number:    _____

I.     Previous Lawsuits (Cont'd)

4.     Name of judge to whom case was assigned: _____

5.     Did the previous case involve the same facts?

                    Yes ( )     No ( )

6.     Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
       _____
       _____

7.     Approximate date of filing lawsuit: _____

8.     Approximate date of disposition: _____

II.    **Exhaustion of Administrative Remedies**
       Pursuant to 28 U.S.C. § 1997e(a), no prisoner civil rights action shall be brought in federal court
       until all available administrative remedies are exhausted. Exhaustion of administrative remedies
       is a precondition to suit, and the prisoner plaintiff must establish that he has exhausted the entire
       institutional grievance procedure in order to state a claim for relief.

A.     Place of Present Confinement:     _Cobb County Jail_

B.     Is there a prisoner grievance procedure in this institution?

                    Yes ( ✓ )     No ( )

C.     Did you present the facts relating to your complaint under the institution's grievance
       procedure?

                    Yes ( ✓ )     No ( )

D.     If your answer is YES:
       1.     What steps did you take and what were the results?
              _Filed grievance on November 1st_
              _2018 and was never provided with a_
              _response_
              _____
              _____

       2.     If your answer is NO, explain why not:     _____
              _____
              _____

III. **Parties**
(In item A below, place your name in the first blank and place your present address in the second blank.)

A. Name of Plaintiff: **Derek J. Burns** 1000060918

Address(es): **470 S Broad St, Abbeville, GA 31001**

(In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Do the same for each additional defendant, if any.)

B. Defendant(s): ① **Lindsay Raynor,** ② **Lisa R. Wells,** ③ **Neil Warren**

Employed as ① **Assistant District Attorney,** ② **Investigator,** ③ **Sheriff**

at ① **Cobb County,** ② **Cobb county,** ③ **Cobb county**

IV. **Statement of Claim**
State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

**See Attachment titled "IV Statement of Claim"**

IV.    Statement of Claim (Cont'd)

V.    Relief

State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.

See attachment titled "V Relief"

V. Relief (Cont'd)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Singed this __18__ day of __October_____, 20 __21__.

_____
Signature of Plaintiff

STATE OF __Georgia_____

COUNTY (CITY) OF __Wilcox_____

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON __10/ 8 /2021__
(Date)

_____
Signature of Plaintiff

Rev. 12/5/07

IV. Statement of Claim

1.     During jury trial in Cobb County Superior court, on 10/24/18 Cobb County Law enforcement officer and investigator Lisa Wells, while under oath stated that she had listened to mutiple attorney client priviledged conversations between Derek Burns and his attorney of record Daniel Daugherty(see Jury Trial Transcript pgs. 537-538).

2. The following day, at the hearing on the motion for mistrial, Cobb County Assistant District Attorney Lindsay Raynor stated that she also listened to the contents of the attorney client protected conversations and went on to disclose the substance of said calls for the court (see Jury Trial Transcript pgs. 696-705).

3. Lindsay Raynor also stated on the record that an unamed supervisor to Lisa Wells as well as Cobb County Assistant District Attorney Shep Orlow had in fact been informed that attorney client priviledge protected conversations were in the prosecution's possession and likewise had been reviewed.

4. The above facts clearly establish mutiple intentional violations of Derek Burns' 1st, 4th, 6th, and 14th Amendment US Constitutional Rights.

5. Concurrently, the above mentioned violations were committed with clear intent of indifference towards Derek Burns for at no point before trial were any corrective measures made to neither sever the tainted participation of Lisa Wells in further proceedings involving Derek Burns nor communicate the existence of the ongoing violations to Derek Burns, defense counsel, or the presiding Judge assigned to the case thereof, prior to the commencement of the jury trial.

6. At all times each defendant acted under color of state law.

V. Relief

1.      There are no countervailing benefits to violating the Constitutional Civil rights of the people and citizens of the State of Georgia and the defendants will remain free to continue their despicable conduct unless restrained.

2.      This court should order Cobb County to cease and desist and void the contract between Cobb County and Global Tel*Link Corporation.

3.      This court should order Defendants Cobb county and Global Tel*Link to implement security measures to prevent law enforcement from continuing to monitor, listen and record attorney-client calls.

4.      This court should order Global Tel*Link to be removed from all Cobb County jails, facilities, courthouses, and juvenille detention facilities.

5.      This court should order the Cobb County District Attorney and her investigators, attorneys, and all employees under her authority to immediately cease and desist in listening and monitoring attorney-client phone calls.

6.      This Court should order Defendant Lindsay Raynor to report the acts and omissions of Lindsay Raynor to the State Bar of Georgia concerning her monitoring and listening to attorney-client priviledged phone calls.

7.      This Court should order Defendant State Bar of Georgia to immediately suspend and revoke the oaw liscense of Defendant ADA Lindsay Raynor.

8.      This Court should order Defendant Georgia Peace Officers Standard Training Council to revoke the peace officer certifications of Defendant Lisa Wells.

9.      This court should order the Georgia Secretary of State to revoke the Corporation license of the Defendant Global Tel*Link Corporation for their willful and flagrant disregard for the Constitutional rights of the plantiff.

10. For declaratory judgement that Defendant Sheriff Neil Warren allowed and continues to allow law enforcement to record and monitor attorney-client protected calls.

11. For declaratory judgement that the Defendants Cobb County, Lisa Wells, Lindsay Raynor violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

12. For declaratory judgement that the Defendant Global Tel*Link Corporation has violated Plaitiff's rights under the fourth and fourteenth amendments to the United States Constitution by allowing law enforcement to review, monitor and record attorney-client calls.

13. For permanent injunction prohibiting the Defendants Cobb County, Cobb County District Attorney, anc her assigned employees in the Cobb County Districts Attorney's office to immediately stop listening to attorney client phone calls.

14. For permanent injuction prohibiting Cobb County Sheriff Neil Warren from continuing to allow law enforcement to record and monitor attorney-client calls without a warrant or judicial authorization to do so.

15. For a permanent injuction prohibiting Defendant Cobb Couty to continue to have a valid inmate telephone contract between Cobb County and Global Tel*Link Corporation.

16. For a permanent injuction ordering Defendant Global Tel*Link Corporation to stop allowing it's telephone systems to monitor and record attorney-client calls between inmates and liscensed attorneys.

17. For a permanent injuction order directing Cobb County to remove Defendant Global Tel*Link Corporation from all Cobb County facilities.

18. For a jury trial on all requested declaratory and injunctive relief.

19. For an award of compensatory damages according to proof.

20. For an award of punitive damages against each Defendant for the amount of $ 3,000,000.00.

21. For special damages according to proof.

22. For an award of all costs of this lawsuit.

23. For an order of this Court granting all of the requested declaratory and injunctive relief.

24. A decleration that the acts an omissions descried herein violated plantiff's rights under the constitution and laws of the Unite States.

25. In addition to actual damages, statutory damages as allowed by law.

26. For an award of all costs of litigation; and

27. Any and other further relief as this Court deems just and proper.